IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| ROCKFORD HOUSING AUTHORITY, *a municipal corporation*, <br><br> *Plaintiff*, <br><br> v. <br><br> WINNEBAGO COUNTY HOUSING AUTHORITY, *a municipal corporation*, <br><br> *Defendant*. | NO. 3:24-CV-50052 <br><br> HONORABLE IAIN D. JOHNSTON |

**MEMORANDUM OPINION AND ORDER**

"The caption of this case says much of what is necessary to its resolution": one Illinois municipal corporation is suing another in federal court. *City of South Bend v. S. Bend Common Council*, 865 F.3d 889, 890 (7th Cir. 2017). This case was removed here by the defendant, but it cannot stay here, because such a dispute—between two political subdivisions of the same state—is not justiciable.

The Supreme Court has long recognized that state political subdivisions are merely "department[s] of the State." *Ysursa v. Pocatello Educ. Ass'n*, 555 U.S. 353, 362 (2009) (quoting *Trenton v. New Jersey*, 262 U.S. 182, 187 (1923)). The outworking of this principle has led the Seventh Circuit to conclude that there is "considerable doubt that federal courts are authorized to adjust grievances among different parts of a state government," *Trs. of Ind. Univ. v. Curry*, 918 F.3d 537, 539 (7th Cir. 2019); and so it has held that a state cannot sue one of its cities, nor vice versa, "because as far as the national government is concerned a state and all of its creatures is a unit."

1

*South Bend*, 865 F.3d at 892. Equally forbidden, under the same logic, are suits between two political subdivisions of the same state.[1]

The difficulty with entertaining such suits is often described as one of "standing," s*ee City of San Juan Capistrano v. Cal. Pub. Utils. Comm'n*, 937 F.3d 1278, 1281 n.1 (9th Cir. 2019); *Virginia v. Reinhard*, 568 F.3d 110, 123 n.3 (4th Cir. 2009), but the Seventh Circuit has instead (likely advisedly) identified the issue as one of "justiciability." *South Bend*, 865 F.3d at 892; *Curry*, 918 F.3d at 539. This points to its sounding in considerations of federalism rather than Article III.

That the cited Seventh Circuit opinions suggesting the non-justiciability of this suit were rendered after two Supreme Court cases that might, facially, undermine such a conclusion—*Va. Off. for Prot. & Advoc. v. Stewart*, 563 U.S. 247 (2011), and *Ariz. State Legislature v. Ariz. Indep. Redistricting Comm'n*, 576 U.S. 787 (2015)—counsels against reading those cases as ratifying, as a general matter, that federal courts may resolve states' "intramural contest[s]." *Stewart*, 653 U.S. at 253. In *Stewart*, the Supreme Court granted certiorari on a narrow question: "Whether the Eleventh Amendment categorically precludes an independent state agency from bringing an action in federal court against state officials for prospective injunctive relief to remedy a violation of federal law under the doctrine of *Ex parte Young*," Brief for Petitioner at i, *Stewart*, 563 U.S. 247 (No. 09-529), 2010 WL 3392002 at *i; it

---

[1] Such a conclusion is consonant with the Ninth Circuit's approach to the issue, which focuses only on "the identity of the parties" regardless of the substance of the dispute; it has consequently found that "a city, an airport authority, a health district, and a school district all lack standing to sue a planning authority, a city, and various state agency officials." *City of San Juan Capistrano v. Cal. Pub. Utils. Comm'n*, 937 F.3d 1278, 1281, 1281 n.3 (9th Cir. 2019).

2

answered negatively. As the Fourth Circuit's opinion below recognized, however, "standing" as an obstacle to a federal court hearing such an action was a distinct and independent "potential bar," which the panel noted explicitly it was not addressing. *Reinhard*, 568 F.3d at 123 n.3 (Wilkinson, J.); *see also Stewart*, 563 U.S. 247 at 258, 260 (rejecting the argument that the respondents suffered an "Eleventh Amendment indignity," but acknowledging that there are "limits on the Federal Government's power to affect the internal operations of a state" that inhere not in the Eleventh Amendment but in other "textual provision[s] or *structural premise*[*s*] of the Constitution") (emphasis added).[2] And *Arizona State Legislature* is perhaps best understood as a "special situation based on a state constitution's provision allocating powers among state entities in a way that was asserted to violate the federal Constitution." *South Bend*, 865 F.3d at 892.

\*     \*     \*

Whatever doubts these cases might raise, the Seventh Circuit's precedents clearly suggest that a federal court cannot entertain this action. It is therefore remanded forthwith to the Circuit Court for the Seventeenth Judicial Circuit, Winnebago County, Illinois.

---

[2] It might also be relevant, in assessing the holding of *Stewart*, that suits under *Ex parte Young* of course rest on the notion that a state official acting contrary to federal law is "stripped of his official or representative character and is subjected in his person to the consequences of his individual conduct," 209 U.S. 123, 160 (1908); and thus, for purposes of such a suit (and only in that "precise situation"), the state official is *not* "the State." *Stewart*, 563 U.S. at 255.

3

Date: May 6, 2024

_____
HONORABLE IAIN D. JOHNSTON
*United States District Judge*
